U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

DEC 17 2009

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DIANE YOUNGBLOOD, ET AL | CIVIL ACTION NO: 09-1700 |
| VERSUS | JUDGE DONALD E. WALTER |
| CHESAPEAKE LOUISIANA, L.P., ET AL | MAGISTRATE JUDGE HORNSBY |

## ORDER

Before the Court is a Motion to Remand this action back to the 42nd Judicial District Court, DeSoto Parish, Louisiana, filed by Plaintiffs, Diane Youngblood, et al. [Rec. Doc. #4].

This Court has reviewed the Opposition as well as the relevant case law on improper joinder of parties. [Rec. Doc. #15]. *See Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568 (5th Cir. 2004). Both Plaintiffs and J.W. Porter & Associates, L.L.C. ("J.W. Porter") are citizens of Louisiana. Ordinarily this fact would preclude jurisdiction pursuant to 28 U.S.C. § 1332 because complete diversity would be missing. *See Carden v. Arkoma Associates*, 110 S.Ct. 1015 (1990). However, Defendants contend that in assessing this Court's jurisdiction J.W. Porter's citizenship should not be considered in that it has been improperly joined. If J.W. Porter was fraudulently/improperly joined then its presence will not bar this Court's jurisdiction. In addition, in that event it is not necessary to obtain J.W. Porter's consent to removal. *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).

According to the State Court Petition, "Defendant, CHESAPEAKE, through its agent, PORTER . . . submitted an offer . . ." to lease property from the Plaintiffs. [Rec. Doc. #1, Exhibit 1 at 4, ¶3]. This offer was allegedly accepted by Plaintiffs on August 22, 2008. [Rec. Doc. #13 at

6]. A year later, on August 6, 2009, J.W. Porter informed the Plaintiffs that Chesapeake Louisiana, L.P. was withdrawing their offer to lease. *Id.*

The Plaintiffs characterize this as an action to enforce an obligation/contract to lease. [Rec. Doc. #13 at 4]. They contend that both J.W. Porter and Chesapeake Louisiana, L.P. are liable to them. Chesapeake Louisiana argues that J.W. Porter was a disclosed mandatary of Chesapeake Louisiana, L.P. [Rec. Doc. #15 at 2].

According to LA. CIV. CODE art. 3016, "A mandatary who contracts in the name of the principal within the limits of his authority does not bind himself personally for the performance of the contract." The Plaintiffs allege repeatedly that J.W. Porter never disclosed to them that they were acting on behalf of a principal. However, their state court petition belies that assertion. It states that "[d]efendant, CHESAPEAKE, through *its agent*, PORTER . . . ." (emphasis added) [Rec. Doc. #1, Exhibit 1 at 4, ¶3]. In addition, they attached to their state court petition the first correspondence between J.W. Porter and their selected representative Bethard & Bethard, L.L.P., and this correspondence states "Please find attached 23 tracts we have bid on, on behalf of Chesapeake, L.P." [Rec. Doc. #1, Exhibit 1 at 49]. According to Chesapeake's Opposition to Remand, "Chesapeake accepts that because the actions of J.W. Porter were authorized any contract held to result from these actions would also be authorized." [Rec. Doc. #15 at 7]. LA. CIV. CODE art. 3026 makes it clear that "[t]he principal is bound to perform the contact that the mandatary, acting within the limits of his authority, makes with a third person."

Therefore, since J.W. Porter was a disclosed and authorized mandatary of Chesapeake Louisiana, L.P., Chesapeake Louisiana, L.P. is the proper party. J.W. Porter is improperly joined and thus the Motion to Remand should be denied.

Upon due consideration, **IT IS ORDERED** that Plaintiffs' Motion to Remand [Rec. Doc. #13] is hereby **DENIED**. **IT IS FURTHER ORDERED** that Plaintiffs' claims against J.W. Porter & Associates, L.L.C. are **DISMISSED**. As such, Defendant's Motion to Dismiss J.W. Porter & Associates, L.L.C. [Rec. Doc. #4] is **MOOT**.

**THUS DONE AND SIGNED**, this \_\_17\_\_ day of December, 2009.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE